**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-00984-RMR

JELVIN SIQUINAJAY SAL,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center,
GEORGE VALDEZ, in his official capacity as Acting Field Office Director, Denver, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security,
TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement,
JOSEPH EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services, and
TODD BLANCHE, in his official capacity as Attorney General of the United States.

     Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner Jelvin Siquinajay Sal's ("Jelvin") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. Petitioner also filed a Motion for Order to Show Cause, ECF No. 2, a Motion for Temporary Restraining Order and/or Preliminary Injunction, ECF No. 3, and an unopposed Motion for Review of Motion for Temporary Restraining Order and/or Preliminary Injunction and Motion for Order to Show Cause. ECF No. 12. Respondents filed a Response

("Response") to the Petition, Motion for Order to Show Cause, and Motion for Temporary Restraining Order and/or Preliminary Injunction, ECF Nos. 14 and 15. Petitioner filed a Reply to Respondents Response, ECF No. 16. For the reasons stated below, the Petition, ECF No. 1, is GRANTED.

In January 2021, at just seventeen years old, Petitioner fled from Guatemala to the United States after facing severe physical and emotional abuse from his parents. ECF No. 1 ¶ 2. The United States designated him an unaccompanied child ("UC") and placed him in the custody of the Office of Refugee Resettlement ("ORR"). *Id*. ¶ 3. Since his arrival in January 2021, Petitioner attended high school, worked full-time as a roofer, applied for asylum, obtained work authorization, received Special Immigrant Juvenile ("SIJ") status and a deferred action from U.S. Citizenship and Immigration Services ("USCIS"). *Id*. ¶ 4. Petitioner lived in New Jersey for over four years with no incident. *Id*. ¶¶ 44-45, 49. On September 15, 2025, ICE arrested and detained Petitioner after a domestic dispute. *Id.* ¶ 46. On the same day, USCIS terminated Jelvin's deferred action. *Id.* ¶ 49. The Superior Court of New Jersey dismissed the domestic matter on October 14, 2025. *Id.* Jelvin remains in ICE custody. *Id*. ¶ 52.

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at pp. 53-56, seeking immediate release or a bond hearing, *see generally Id.* This request for relief, and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests that the Court issue a writ of habeas

corpus requiring Respondents to release Petitioner from ICE detention immediately. ECF No. 1 at p. 57.

Like in *Mendoza Gutierrez*, Petitioner resided in the United States for several years before ICE detained him. ECF No. 1 ¶ 45. And, also like in *Mendoza Gutierrez*, Petitioner is being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that, despite his long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *See* ECF No. 14 at 3. As Respondents anticipate in their response brief, these similarities are sufficient to "lead the Court to reach the same result here" as it did in *Mendoza Gutierrez*. *Id.* at 4. The Court thus adopts that reasoning in full here, *see Mendoza Gutierrez*, 2025 WL 2962908, at *5-9 (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years"), and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[1]

---

[1] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D[2] Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025);

Because Petitioner is improperly detained under § 1225, the Court agrees with Petitioner that he is entitled to immediate release, *see generally Mendoza Gutierrez*, 2025 WL 2962908, at *14. Consistent with the above analysis, it is **ORDERED** that Respondents shall release Petitioner from custody immediately, but no later than within 48 hours of this Order, and may not impose any additional conditions of release or supervision beyond those he was subject to immediately prior to his recent detention. Respondents **SHALL FILE** a status report within TWO DAYS of this Order to certify compliance. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.[2]

---

*Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

[2] As this Court has previously found, the Fifth Amendment's procedural due process protections require that the government bear the burden of proof at 8 U.S.C. § 1226(a) bond hearings. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024). As Respondents put forth no argument regarding which party should bear the burden of proof in their response, any such argument is waived. *See, e.g.*, *C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court properly dismissed an argument as "abandoned" where the party failed to include that argument in response to arguments raised in a motion to dismiss).

DATED: April 17, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge